UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DOCUSIGN INC, <br><br> Plaintiff, <br><br> v. <br><br> RPOST COMMUNICATIONS LTD, <br><br> Defendant. | CASE NO. C13-735-MJP <br><br> ORDER GRANTING MOTION TO STAY |

This matter comes before the Court on Defendant's motion to stay these proceedings pending the United States Patent and Trademark Office's reexamination of U.S. Patent No. 5,629, 982 ("the '982 Patent"), which is the subject of this suit. (Dkt. No. 40.) Having reviewed the motion, the response (Dkt. No. 43), reply (Dkt. No. 44), and all related papers, the Court GRANTS the motion.

**Background**

In March of this year, Defendant requested the United States Patent and Trademark Office ("PTO") reexamine the '982 Patent. (Dkt. No. 40-2.) The PTO granted the request as to claims 1-2, 4-7, 9, 12-14, and 16-19. (Id.) These claims are the same ones asserted by Plaintiff.

1    The Court has conducted a Markman hearing and construed the disputed terms. (Dkt.
2 No. 37.) The parties exchanged written discovery. No party has conducted depositions yet,
3 although some have been scheduled and are imminent. Discovery must be completed by June
4 26, 2014. (Dkt. No. 39.) Trial is set for November 2014. (Dkt. No. 18.)

5                                    **Discussion**

6    The Court has broad discretion to manage its docket, including the inherent power to
7 grant a stay pending a PTO reexamination. <u>Procter & Gamble Co. v. Kraft Foods Global Inc.</u>,
8 549 F.3d 842, 849 (Fed. Cir. 2008). When determining whether to grant a stay, courts generally
9 consider three factors: 1) whether a stay will simplify the issues in question; 2) the stage of
10 litigation, i.e. whether discovery is complete and whether a trial date has been set; and 3)
11 whether a stay would unduly prejudice the non-moving party. <u>CMB Indus., Inc. v. Zurn Indus.,</u>
12 <u>Inc.</u>, C00–0364RSL, 2003 WL 25956135 (W.D.Wash. Dec. 16, 2003) (<u>citing</u> <u>Xerox Corp. v.</u>
13 <u>3Com Corp.</u>, 69 F.Supp.2d 404 (W.D.N.Y. 1999)).

14   Defendant asserts that, based on the strength of the prior art, there exists a high likelihood
15 that the PTO will amend or cancel the claims asserted in this case. (Dkt. No. 40 at 4.) If that
16 were to occur, Defendant contends, this litigation would be over or curtailed. (<u>Id.</u>) Further,
17 Defendant argues that because the claims are potentially subject to amendment or cancellation, it
18 cannot properly defend itself in this litigation. (Id.) In response, Plaintiffs minimize the
19 significance of the PTO's grant of the request to reexamine the '982 Patent by suggesting little
20 benefit when this Court has already issued its construction order. Plaintiff's argument misses the
21 mark. If the PTO cancels or amends the '982 Patent's claims —the same claims to be litigated
22 before this Court—then the litigation could be simplified or radically altered. This factor weighs
23 in favor of a stay.

24

1  Turning to the next factor—the stage of the case—the Court finds this too weighs in
2  favor of a stay.  Although a trial date has been set and the parties have exchanged some written
3  discovery, the overall case development appears still early with no depositions conducted yet.
4  Discovery is far from complete.  Moreover, the trial date is still more than six months away.  A
5  stay is appropriate under these circumstances.

6  Finally, the Court finds Plaintiff will not suffer prejudice if a stay is entered.  Plaintiff
7  claims to have been sandbagged by this motion and Defendant's request for re-examination of
8  the '982 Patent, because Defendant knew of the basis for the motion yet waited to file it.  Other
9  than an unexplained "tactical advantage," Plaintiff identifies no harm that will result should this
10  case be stayed.  Moreover, the Court is puzzled by Plaintiff's insistence that a stay is a tactical
11  advantage for Defendant when the PTO's possible cancellation or amendment the some of the
12  claims may also alter or have a simplifying effect on Defendant's invalidity assertions based on
13  prior art.  On this record, the Court does not find prejudice.  Nor is the Court persuaded that the
14  delay inherent in the examination process its itself prejudicial.  See <u>Implicit Networks, Inc. v.</u>
15  <u>Advanced Micro Devices, Inc.</u>, No. C08–184JLR, 2009 WL 357902, at * 2 (W.D.Wash. Feb. 9,
16  2009).  The Court finds this factor weighs in favor of a stay.

17  **Conclusion**

18  In sum, the Court finds a stay pending reexamination may simplify the issues, the
19  litigation is not too advanced; and Plaintiff will not be unduly prejudiced.  The motion is
20  GRANTED.  The Parties are ordered to provide a report regarding the status of the
21  reexamination every six months from the date of this order.
22  //
23  //
24

1 | The clerk is ordered to provide copies of this order to all counsel.

2 |     Dated this <u>23rd</u> day of May, 2014.

*[signature]*

Marsha J. Pechman
Chief United States District Judge

ORDER GRANTING MOTION TO STAY- 4